## Case No. 10,418.

O'CONNELL v. The TALLY HO.

[28 Hunt, Mer. Mag. 462.]

District Court, S. D. New York. May, 1853.

OWNERS OF VESSELS AND SHIPPERS OF CARGO.

[A vessel laden with corn put into Fayal in distress. Part of the cargo was jettisoned for the safety of the ship, and the balance, part of which was unfit for further transportation, was taken charge of by the American consul, who, being advised by the governor of the island that, owing to the scarcity of provisions, the people would resist its reloading, sold the same, against the protest of the master. *Held*, that the shippers were not bound by such sale, nor the ship owners entitled to freight at such place; that the shippers were entitled to recover the value of the cargo at the port of destination, deducting freight, or the proceeds of the sale at Fayal free of freight; and that the ship owners should contribute to general average on the value of the freight upon the cargo jettisoned.]

[This was a libel in rem by Morgan O'Connell against the brig Tally Ho for breach of a contract of affreightment.]

The vessel, laden with a cargo of corn, etc., from the United States to Londonderry, put into the port of Fayal in distress. A part of the cargo was thrown overboard for safety of vessel, and part was destroyed by perils of the sea, or greatly injured and unfit for further transportation. The vessel and cargo were taken charge of by the American counsel. The said part of cargo, as well as that rotted and perishing, was landed and stored at Fayal. On a survey, it was reported that a sale be made of the deteriorated corn, and the governor of the island advised sale of the said corn because of the scarcity of provisions at Fayal, and distresses of the inhabitants for want of food, and advised the United States consul that an attempt to reload and export the said corn would, no doubt, be resisted by force, and promote a popular rising. The consul ordered a sale of the whole cargo, and paid over part of the proceeds to agents of libelants, and holds balance in his hands. The captain of the vessel protested against the sale of her cargo. The owners of the vessel claim freight in toto, or pro rata itineris. The shipper of the cargo demands the value of the cargo discharged of freight.

HELD BY THE COURT (BETTS, District Judge) that the shippers of the cargo are not bound by the sales and acts of the United States consul at Fayal; that they did not in fact, nor by implication of law, accept delivery of the cargo at Fayal, or ratify the sale, and that the owners of the ship are not entitled to freight at that place; that the ship was bound to deliver the cargo at the port of destination to be entitled to freight; that the owners of the vessel are bound to contribute to general average, on the value of the freight, upon that part of the cargo thrown overboard and sacrificed for safety of vessel; that the libelants recover, at their election, the value of the cargo at the point of destination, deducting freight, or the proceeds of the sale at Fayal, with interest, free of freight; that the claimants are to be credited the amount remitted to libelants from Fayal and accepted by them.

Condemnation of the vessel for the amount, and reference to commissioner to ascertain and report the amount.